## MAGNUS v. WEISS et al.

### (Supreme Court, Appellate Term. May 27, 1909.)

MASTER AND SERVANT (§§ 278, 281*) — INJURY TO SERVANT—NEGLIGENCE—EVIDENCE.

Plaintiff, a cutter, during the five days he was in defendant's employ, got the patterns, which hung on the wall by standing partly on his cutting table and partly on a hinged extension, supported by a drop leg, of an adjoining table, and while doing so was injured by the leg slipping. He testified that he regarded such method the quickest and best for getting the patterns; but there was no evidence that he was told by any one in authority to adopt it. Held, this was insufficient to prove negligence or freedom from contributory negligence.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 954–972, 987–996; Dec. Dig. §§ 278, 281.*]

Appeal from Municipal Court, Borough of Manhattan, Sixth District.

Action by John Magnus against Joseph W. Weiss and another. From a judgment for plaintiff, after a jury trial, defendants appeal. Reversed, and complaint dismissed.

Argued before DAYTON, SEABURY, and LEHMAN, JJ.

Frank Verner Johnson (Thomas P. Dunphy, of counsel), for appellants.

Strouse & Strauss (Henry W. Unger and Alex. S. Strouse, of counsel), for respondent.

SEABURY, J. The plaintiff was employed as a lining cutter in the workshop of the defendants. The linings were cut from patterns, and these patterns were hung on the wall, and were about 11 feet from the floor. During the five days that the plaintiff was employed by the defendants, he reached the patterns from the place where they hung by standing partially on the cutting table and partially on an extension to an adjoining cutting table, which extension was fastened to the adjoining table by a hinge. The extension was held in place by a "drop leg."

On the day of the accident the plaintiff, in order to get a pattern, put his left foot upon the table at which he had been working and his right foot upon the extension, which projected from the adjoining table. While he was holding a pattern, which weighed 50 pounds, in his left hand, the leg which had supported the extension slipped, and the plaintiff fell and sustained the injuries for which he has been awarded judgment. The plaintiff testified that he regarded the method he adopted as the quickest and best way to get hold of the pattern.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

There is no evidence that the plaintiff was told to adopt this manner of getting the patterns by any person in authority in the defendants' shop. The facts stated above were not sufficient to prove that the defendants were guilty of negligence, or that the plaintiff was free from contributory negligence.

The judgment is reversed, and the complaint is dismissed, with costs to the appellant. All concur.